Messrs. *William J. Whipple*, of Cambridge, *Nathaniel Hinck-ley*, of Barnstable, *Henry W. Cushman*, of Bernardston, *John C. Park*, of Boston, *Joseph W. Mansur*, of Lowell, *Elijah Seymour*, of Granville, *Amos Shears*, of Sheffield.

### CERTIFICATES OF MEMBERS.

The certificate of the selectmen of a town, in the form prescribed by law, of the election of a member therein, on some one of the days within which an election may take place agreeably to the constitution, is sufficient to entitle the member so returned to his seat; and cannot be invalidated by any certificates of other town officers, or by copies of the town records.

A certificate or return is insufficient, which does not specify the year in which the election was made, or the certificate given.

The date of the certificate is not material, provided the election therein recited appears to have been held on the proper day.

The omission of a return on the certificate, that notice was given of the election, and the person elected summoned to attend, is not sufficient to prevent the member from taking and holding his seat.

" THE committee on elections, to whom were referred the certificates of the election of members of the house of representatives, having examined and considered the same, report:—That the several certificates from the cities, towns and districts in this commonwealth, of the election of members of the house of representatives, committed to them, are, with the exceptions hereafter mentioned, substantially correct and satisfactory, and that the several persons therein named, have been, so far as appears from said certificates, duly elected, and are entitled to their seats as members of this house.

That the certificate from New Braintree, in the county of Worcester, of the election of Samuel Mixter, as representative from said town, is informal, unsatisfactory, and insufficient, because it does not specify the year in which the election was

made, or the certificate given. But inasmuch as the said Samuel Mixter has resigned his seat in this house, the committee deem no action of the house in relation thereto necessary.

That by a certificate, signed by John P. Read and Liab Lee, as selectmen of the town of Bedford, in the county of Middlesex, dated the twenty-eighth day of November last past, it appears that the qualified voters of said town, having been duly convened in town-meeting on said day, for the choice of a representative in the legislature of this commonwealth, did elect Amos Hartwell, being an inhabitant of said town, to represent them in the general court, to be convened and holden on the first Wednesday of January (then) next.

That, accompanying said certificate, was a statement signed by 'John Bacon, constable of the town of Bedford,' dated the third day of January, instant, declaring 'that pursuant to a law of this commonwealth, the freeholders and other inhabitants of the town of Bedford, in the county of Middlesex, qualified according to the constitution, having been duly convened in town-meeting, on the fourteenth day of November, 1836, for the choice of a representative in the legislature of this commonwealth, did then and there elect Joshua Chandler, being an inhabitant of said town, to represent them in the general court, to be convened and holden on the first Wednesday of January, 1837.' And the said John Bacon certified, that 'the person chosen as aforesaid has been by him, as constable of said town, notified thereof, and summoned to attend.'

That a certified copy from the records of said town, signed by Reuben Bacon, town clerk thereof, also accompanied said certificate, which sets forth that, 'at a legal meeting of the inhabitants of said town, holden on the second Monday of November, A. D. 1836, for the purpose of choosing a representative to represent said town in the general court, next to be holden in Boston, on the first Wednesday of January (then) next, the inhabitants brought in their votes to the selectmen for a representative, which, being sorted and counted and declaration thereof made, as by law is directed, were as follows:—For Joshua Chandler, 70 votes; Amos Hartwell, 38;

John Bacon, 10; William Page, 1; Cyrus Page, 1; and said Joshua Chandler was declared to be chosen.'

That, accompanying said certificate of the election of said Hartwell, was a paper, purporting to be a true copy of one read in town-meeting on the twenty-eighth day of November, 1836, signed, 'Jona. Bacon and others,' which sets forth that, 'Whereas the inhabitants of the town of Bedford, qualified to vote for representative in this commonwealth, did assemble on the fourteenth day of said November, for that purpose, and at the second balloting did make choice of Joshua Chandler, to represent them in the next general court, and made declaration thereof in open town-meeting; and said town chose a committee to wait on said Chandler, inform him of his election, and solicit an answer whether he would accept of said office, which committee attended to that duty, and returned in open town-meeting, and gave to the selectmen said Chandler's answer in the affirmative; after which said meeting was dissolved without further action on the subject; *therefore*, at the meeting (held twenty-eighth of November), called by the selectmen to choose a representative, the subscribers to said paper felt it their duty to enter their protest against any action of the town whatever on that subject, believing that such action would be against the constitution and laws of this commonwealth, and that the said Chandler was the member of the house in the said general court, and protested against the election as set forth in the warrant for the meeting,' on said twenty-eighth day of November.

Having before them the certificate of the selectmen of Bedford, in the form prescribed by law, of the election on the twenty-eighth day of November last, of Amos Hartwell, as representative of said town, the committee are of opinion that, in the papers presented to them there is no evidence which should invalidate his claim to a seat in this house. They have reported the substance of the statements presented to them in this case, that the house may take any order in relation thereto, which may be deemed requisite or expedient.

The certificate from Granby is dated November 17th,
That from Townsend,                "          "        21st,
Those from Orange and Falmouth,          "        30th,
And that from Ashby,                       December 12th,
last past; but as the several elections therein recited are de-
clared to have been held on the fourteenth day of November
last, the committee are of opinion that said certificates are to
be received as satisfactory.  As however doubts have been
represented to exist on this point, the committee have present-
ed the facts to the house.

The certificates from the towns of Hawley, Middleborough
and Rochester, do not contain thereon any return stating that
notice of the choice was given to the persons therein stated
to be elected, and that said persons were summoned to attend.
Such return being required by the Rev. Sts. c. 5, § 10, the
committee have thought it proper to report the fact, although
they are of opinion, that such omission cannot avail to de-
prive the members elected from said towns of their seats."

This report was agreed to.[1]   The Bedford election alluded
to in it became the subject of a separate report.